IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MANKE LUMBER CO., et al. (MT. ADAMS VENEER CO.), Plaintiffs, | Consolidated under lead case No. 33-85C (No. 91-984C) (Judge Bruggink) |
| v. | |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
IN MT. ADAMS VENEER CO. v. UNITED STATES, NO. 91-984C

Pursuant to Rule 56(a), we respectfully request that the Court enter summary judgment in favor of the United States on its counterclaim in this case and dismiss Mt. Adams Veneer Company's complaint because no genuine issue as to any material fact exists and the United States is entitled to judgment as a matter of law. In support of this motion, we rely upon the pleadings, our accompanying proposed findings of uncontroverted fact, the Declaration of Christine Anderson, the documents reproduced in our appendix, and the following memorandum of law.

DEFENDANT'S MEMORANDUM OF LAW

Nature Of The Case

Plaintiff, Mt. Adams Veneer Company ("Mt. Adams"), challenges a contracting officer's final decision assessing damages against it in the amount of $3,789,615 as a result of its failure to perform the Lynx Timber Sale contract. The United States counterclaims for the damages due under the terms of the contract.

Statement Of The Facts

A statement of the relevant facts is set forth in our accompanying proposed findings of uncontroverted fact.

Argument

I. Summary Judgment Is Appropriate

Summary judgment is appropriate where, as here, no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Summary judgment is properly regarded not as a disfavored procedural shortcut, but as "a salutary method of disposition 'designed to secure the just, speedy, and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).

A "material" fact is one which "might affect the outcome of the suit under the governing law" and a dispute as to a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248; Sweats Fashions, 833 F.2d at 1562. Moreover, as the Federal Circuit emphasized in Sweats Fashions, "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "'the burden on the moving party may be discharged by 'showing' – that is, pointing out to the [court] – that there is an absence of evidence to support the non-moving party's case.'" Id. (emphasis in original) (quoting Celotex, 477 U.S. at 325).

In this case, summary judgment in favor of the United States is appropriate because there is no dispute over any fact which could affect the outcome of the case under the governing law, and the United States is entitled to a judgment as a matter of law.

II. The United States Is Entitled To Damages In The Amount Of $3,789,615 Under The Agreed-Upon Terms Of The Contract

As demonstrated in our proposed findings, Mt. Adams breached the Lynx Timber Sale contract by failing to cut, remove, and pay for all of the timber included in the Sale by the contract termination date. DPFUF ¶¶ 5-7.[1] After the termination of the contract and an environmental analysis of the Sale Area, the Forest Service decided not to resell the remaining timber. DPFUF ¶ 8.

Standard Provision B9.4 of the Lynx contract sets forth the methodology for determining the damages due the United States in the event of a purchaser's default, whether the Forest Service resells or chooses not to resell the uncut timber. Standard Provision B9.4 provides in pertinent part:

> B9.4 Failure to Cut. In the event of (a) termination for breach or (b) Purchaser's failure to cut designated timber on portions of the Sale Area by Termination Date, Forest Service shall appraise remaining Included Timber, unless termination is under B8.22. Such appraisal shall be made with the standard Forest Service method in use at time of termination.

[1] "DPFUF ¶ ___" refers to the cited paragraph(s) in our accompanying proposed findings of uncontroverted fact. Our proposed findings contain citations to documentary evidence reproduced in our appendix and to the testimony of Christine Anderson set forth in a Declaration filed with our motion. Ms. Anderson is a senior Forest Service official and contracting officer in the Forest Service's Pacific Northwest Region. She testified in the earlier Capital Development (No. 750-87C) and Seaboard Lumber (No. 370-88C) trials. We are filing electronically, as separate documents, Ms. Anderson's Declaration and our appendix.

> Damages due the United States for Purchaser's failure to cut and remove such timber meeting Utilization Standards shall be the amount by which the Current Contract Value[,] plus the cost of resale, less any effective Purchaser Credit remaining at time of termination, exceeds the resale value at new Bid Rates. *If there is no resale, damages due shall be determined by subtracting the value established by said appraisal from the difference between Current Contract Value and Effective Purchaser Credit.*

Standard Provision B9.4, D. App. 25 (emphasis added).

The Federal Circuit has repeatedly recognized that the United States is entitled to damages calculated in the manner prescribed by Standard Provision B9.4 when the Forest Service chooses not to resell the remaining timber included in a defaulted sale. Hoskins Lumber Co. v. United States, 89 F.3d 816, 817 (Fed. Cir. 1996) (holding Government entitled to damages under the formula set forth in the "no-resale" clause of B9.4); Madigan v. Hobin Lumber Co., 986 F.2d 1401, 1405 (Fed. Cir. 1993) ("The agreed-upon contract term, i.e., that the government is entitled to recover damages in the event there is no resale for whatever reason, including that it chooses not to resell the timber, must be given effect.").[2]

---

[2] The only exception to this rule, not relevant here, is Louisiana-Pacific Corp. v. United States, 227 Ct. Cl. 756 (1981). Louisiana-Pacific, like this case, arose out of a defaulted Forest Service timber sale contract. The contract required the purchaser to cut, remove, and pay for an estimated 7,075 MBF within a specified time period. Before the time for performance had expired, the Forest Service decided that it did not want to resell 5,705 MBF of the original estimated volume either to Louisiana-Pacific or to anyone else. Thus, the Forest Service offered to Louisiana-Pacific a contract modification that would exclude 5,705 MBF from the sale and extend by one-year the period for harvesting the remaining 1,370 MBF. Louisiana-Pacific did not agree to the modification. The contract ultimately expired uncompleted and the Forest Service sought damages (under a provision similar to B9.4) equal to the difference between the contract value of the entire 7,705 MBF and its appraised value at the time of termination. Louisiana-Pacific sought review of the Government's claim in the Court of Claims. Both parties moved for summary judgment. The Court of Claims concluded that neither party was entitled to summary judgment, but stated that "[t]he one issue we do decide at this time relates to the amount of uncut timber for which the [Forest Service] should be permitted to claim damages . . .
(continued...)

Further, the Federal Circuit has made clear that "the *only* question" in such a case is "whether the government complied with its standard appraisal method" in determining the value of the remaining timber at the time of contract termination. Hoskins Lumber, 89 F.3d at 817 (emphasis in original). In explaining this, the Court of Appeals observed that a defaulting purchaser is:

> emphatically *not* entitled to a 'fair' appraisal, an 'accurate' appraisal, a 'reasonable' appraisal, or any manner of appraisal other than the one indicated in section B9.4. Under section B9.4, compliance with the standard appraisal method is the sole measure of its accuracy and reliability.

89 F.3d at 817 (emphasis in original). In Hoskins, the Federal Circuit reversed the Court of Federal Claims post-trial decision dismissing the United States' counterclaim, and remanded

---

[2](...continued)
on its counterclaim[.]" 277 Ct. Cl. at 758. On that issue, the Court held that "recovery on the counterclaim . . . cannot exceed damages for failure to cut 1,370 MBF." Id. The Federal Circuit has distinguished and limited sharply the Louisiana-Pacific decision, observing that its holding is an exception to the general rule that agreed-upon contract terms must be enforced. Hobin Lumber, 986 F.2d at 1404. In this regard, the Federal Circuit stated:

> the exception created by *Louisiana-Pacific* must be narrowly construed to apply only in those cases where similar facts occurred. That is, *Louisiana-Pacific* should only apply in those cases where the government decides during the period of contract performance that it does not want all of the contract timber cut, where the government attempts to modify the contract during the period of contract performance to limit the timber the contractor is otherwise required to cut but the contractor refuses, and where the government subsequently seeks to recover damages on that precise timber.

986 F.2d at 1405. Further, in attempting to explain the Louisiana-Pacific ruling, the Federal Circuit noted that "the government's attempted modification of the contract during the period of contract performance is a plausible justification for creating an exception to the general rule because it suggests that the [Court of Claims] applied some form of estoppel against the government." 986 F.2d at 1405 n.3. Louisiana-Pacific is inapplicable here because the facts in this case involving Mt. Adams' Lynx Timber Sale bear no similarity to those in Louisian-Pacific.

the case to the trial court with instructions to enter a judgment in favor of the Government in the precise amount due under B9.4 because the Government had established that the Forest Service had "conducted the appraisal according to its standard method." Id.; see also Hobin Lumber, 986 F.2d at 1406 (reversing AGBCA ruling that Louisiana-Pacific barred recovery where timber was not resold, and remanding with directions to enter summary judgment in favor of the United States).

As demonstrated in our proposed findings and in Ms. Anderson's Declaration, the Forest Service, after the termination of Mt. Adams' Lynx contract, did appraise the value of the remaining timber using the standard Forest Service method in effect at the time of termination. DPFUF ¶¶ 10-14; Anderson Decl. ¶¶ 10-14. The contracting officer then determined the damages due using the formula set forth in the "no-resale" clause of Standard Provision B9.4. DPFUF ¶ 17. Ms. Anderson reviewed the contracting officer's determination of the damages due and attests that his determination is correct and in accordance with the methodology set forth in Standard Provision B9.4. Hence, unless Mt. Adams is able to produce some evidence that the Forest Service's appraisal was not made in accordance with the agency's standard method in use at the time of termination (and we are aware of no such evidence), summary judgment in favor of the United States is appropriate.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant its motion for summary judgment, and enter an order directing the entry of a judgment awarding the United States $3,789,615, plus interest, on its counterclaim, and dismissing plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John W. Showalter by s/Richard P. Nockett
JOHN W. SHOWALTER
Assistant Director

s/Richard P. Nockett
RICHARD P. NOCKETT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. (8th Floor)
Washington, D.C. 20530
Tele: (202) 307-1134
Fax: (202) 307-0494

Attorneys for Defendant

Dated: September 12, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of September 2003 I caused copies of the foregoing "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C," and the accompanying "APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT," and the "DECLARATION OF CHRISTINE ANDERSON" to be served upon the following individuals by United States mail (first-class, postage prepaid):

WILLIAM F. LENIHAN, Esq.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, Washington 98101

ANDREW R. GALA, Esq.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, Washington 98101

______________________________