IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANKE LUMBER CO., et al. (MT. ADAMS VENEER CO.), | ) | |
| Plaintiffs, | ) | Consolidated under lead case No. 33-85C (No. 91-984C) (Judge Bruggink) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C

Defendant respectfully submits this reply to Mt. Adams' "Memorandum in Opposition to Defendant's Motion for Summary Judgment" ("Mt. Adams Opp.").

Where, as in this case, the Forest Service does not resell the timber remaining in a defaulted sale and seeks damages under the no-resale clause of Standard Provision B9.4, the Federal Circuit has made clear that "the *only* question" for the trial court is "whether the government complied with its standard appraisal method" in determining the value of the remaining timber at the time of contract termination. Hoskins Lumber Co. v. United States, 89 F.3d 816, 817 (Fed. Cir. 1996) (emphasis in original). In our moving brief and the supporting Declaration of Christine Anderson, we demonstrated that the Forest Service, after Mt. Adams' Lynx contract terminated, did comply with its standard appraisal method and that damages, therefore, are due the United States under the formula prescribed in Standard Provision B9.4.

In its opposition to our summary judgment motion, Mt. Adams concedes, as it must, that the sole issue is whether the appraisal was performed in accordance with the standard Forest Service method in use when its contract terminated. Mt. Adams contends, however, that it is