IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MANKE LUMBER CO., et al. (MT. ADAMS VENEER CO.), Plaintiffs, v. THE UNITED STATES, Defendant. | Consolidated under lead case No. 33-85C (No. 91-984C) (Judge Bruggink) |

DEFENDANT'S EXHIBIT LIST
IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C

Defendant, pursuant to Appendix A, ¶ 16, of the Rules of the United States Court of Federal Claims, and this Court's Order of February 3, 2005, respectfully submits the following exhibit list for the trial in Mt. Adams Veneer Co. v. United States, No. 91-984C. We reserve the right to amend or modify this exhibit list as may be authorized and to also use any exhibits listed by the plaintiff, Mt. Adams Veneer Company.

1. Demonstrative exhibit entitled "Lynx Timber Sale Timeline."

2. Demonstrative exhibit entitled "Gifford Pinchot National Forest, Location of Lynx Sale and the Four Sales CO used to Estimate Bid Premiums." This exhibit is a map showing the location of the Gifford Pinchot National Forest within western Washington State and the location of the Lynx Timber Sale and the four sales the contracting officer used to calculate estimated bid premiums.

3. Demonstrative exhibit entitled "Summary One." This exhibit shows weighted average bid premiums for Douglas Fir and Hemlock on timber sales that included both species as biddable species and occurred on the Randle Ranger District

between July 1, 1988, and June 30, 1989. The exhibit summarizes pertinent data regarding the sales and data used to calculated weighted average bid premiums.

4. Demonstrative exhibit entitled "Summary Two." This exhibit shows weighted average bid premiums for Douglas Fir and Hemlock on timber sales that included both species as biddable species and occurred on the Randle Ranger District between July 1, 1988, and June 30, 1990. The exhibit summarizes pertinent data regarding the sales and data used to calculate the weighted average bid premiums.

5. Demonstrative exhibit entitled "Summary Three." This exhibit shows weighted average bid premiums for Douglas Fir and Hemlock on timber sales that included both species as biddable species and occurred on the Gifford Pinchot National Forest between July 1, 1988, and June 30, 1989. The exhibit summarizes pertinent data regarding the sales and data used to calculate the weighted average bid premiums.

6. Demonstrative exhibit entitled "Summary Four." This exhibit shows weighted average bid premiums for Douglas Fir and Hemlock on timber sales that included both species as biddable species and occurred on the Gifford Pinchot National Forest between July 1, 1988, and June 30, 1990. The exhibit summarizes pertinent data regarding the sales and data used to calculate the weighted average bid premiums.

7. Demonstrative exhibit entitled "Bid Premiums for Douglas Fir." This exhibit is a graph showing the bid premiums for Douglas Fir on sales on the Randle Ranger District between July 1, 1988, and June 30, 1989.

8. Demonstrative exhibit entitled "Bid Premiums for Hemlock." This exhibit is a graph showing the bid premiums for Hemlock on sales on the Randle Ranger District between July 1, 1988, and June 30, 1989.

9. Demonstrative exhibit entitled "Comparison of Advertised Rates and Bid Premiums[,] Lynx Sale versus the Four Comparison Sales." This exhibit summarizes the differences between the appraised rates and estimated bid premiums for the Lynx Sale (at time of termination) and the advertised rates and bid premiums for the four comparison sales used by the contracting officer to estimate bid premiums for the Lynx Sale.

10. Demonstrative exhibit entitled "Comparison of Advertised Rates and Bid Premiums[,] Lynx Sale versus the Ten Sales the CO Considered." This exhibit summarizes the differences between the appraised rates and estimated bid premiums for the Lynx Sale (at time of termination) and the advertised rates and bid premiums for the ten sales the contracting officer considered in selecting the four sales he used to calculate estimated bid premiums for the Lynx Sale.

11. "Fax Transmittal Cover Sheet," dated June 8, 1990, from D. Note to Beulah. Johnson, and attached three pages (total pages 4).

12. Handwritten note to Dave Note from Beulah Johnson, dated "4-13-90," with attachments (total pages 12).

13. Standard Provision B9.4, Lynx Timber Sale Contract.

14. Prior testimony of Jerry Hofer[1] in Capital Development Co. v. United States, No. 750-87C, Trial Transcript, page 16, line 10, through page 216, line 9.

15. Prior testimony of Christine Anderson in Capital Development Co. v. United States, No. 750-87C, Trial Transcript, page 216, line 17, through page 233, line 9; page 283, line 12, though page 284, line 3; page 327, line 10, through page 328, line 18.

Defendant, as stated above, reserves the right to modify this exhibit list as may be authorized and to also use any exhibits listed by Mt. Adams Veneer Company.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

J. CHRISTOPHER KOHN
Director

---

[1] In the first trial in these consolidated cases (Capital Development Co. v. United States, No. 750-87C), Mr. Hofer testified at length as to Forest Service policy and practice concerning timber sales, the handling of defaulted sales, and the Forest Service residual value appraisal method. In the second trial (Seaboard Lumber Co. v. United States, No. 370-88C), the parties agreed to include as a joint exhibit, and to incorporate into the trial record, designated parts of Mr. Hofer's testimony in Capital Development, as well as designated parts of the prior testimony of Ms. Anderson and other witnesses. The parties later agreed that all testimony in the Capital Development trial could be used in the Seaboard Lumber case to the extent it was relevant. See Seaboard Lumber Co. v. United States, 48 Fed. Cl. 814, 816 ("The parties have also agreed that all testimony in a related case, *Capital Development Corp. v. United States* . . . can be used in deciding this case.") For purposes of judicial economy, we asked Mt. Adams counsel to agree to include part of Mr. Hofer's and Ms. Anderson's prior testimony in Capital Development as a joint exhibit in this case and to incorporate it into the trial record. To date, Mt. Adams and its counsel have refused to do so. Accordingly, we include here on our exhibit list designated parts of Mr. Hofer's and Ms. Anderson's testimony in Capital Development.

s/John W. Showalter
JOHN W. SHOWALTER
Assistant Director

s/Richard P. Nockett
RICHARD P. NOCKETT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., N.W. (8th Floor)
Washington, D.C. 20530
Tele: (202) 307-1134
Fax: (202) 307-0494

Attorneys for Defendant

Dated: February 11, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of February 2005, I caused copies of the foregoing "DEFENDANT'S EXHIBIT LIST IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C" to be served upon the following individual by facsimile and by United States mail (first-class, postage prepaid):

DENNIS J. DUNPHY, Esq.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, Washington 98101-2393

s/Richard P. Nockett