IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANKE LUMBER CO., et al. (MT. ADAMS VENEER CO.), | ) | |
| Plaintiffs, | ) | |
| v. | ) | Consolidated under lead case No. 33-85C (No. 91-984C) (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S WITNESS LIST
IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C

Defendant, pursuant to Appendix A, ¶ 15, of the Rules of the United States Court of Federal Claims, and this Court's Order of October 5, 2004, respectfully submits the following witness list for the trial in Mt. Adams Veneer Co. v. United States, No. 91-984C. We reserve the right to amend or modify this witness list as may be authorized.

1. Jerry Lee Hofer, 4414 NE 115th Street, Vancouver, Washington 98686. Mr. Hofer is a former Forest Service official. He retired in 2001 after 33 years with the Forest Service. For twelve years, from June 1989 until his retirement in May 2001, Mr. Hofer was the head of Contracts, Sale Administration and Scaling, within the Natural Resources Section of the Forest Service's Pacific Northwest Regional Headquarters in Portland, Oregon. Mr. Hofer may testify on the following topics: 1) Forest Service policy, practice and procedure during the relevant period pertaining to the handling of defaulted timber sales, including defaulted sales that were not resold; 2) the method and procedures followed by the Forest Service in determining the damages, if any, due the United States under Standard Provision B9.4 on a defaulted timber sale where there was no resale; 3) the standard Forest Service appraisal method in use during the

relevant period including, in particular, the practice of adding estimated bid premiums to the appraised rates established by the Forest Service residual value appraisal method when a defaulted sale was not resold; and 4) whether the Forest Service's appraisal of the value of the timber remaining in Mt. Adams' Lynx contract at the time of termination, including the contracting officer's determination of the estimated bid premiums, complies with the standard Forest Service appraisal method in use at the time of contract termination. Mr. Hofer may also testify as a rebuttal witness, as necessary. Mr. Hofer's direct examination is expected to take approximately 3 hours.[1]

2. David Note, 10321 NE 157th Avenue, Vancouver, Washington 98682. Mr. Note is a former Forest Service official. He retired in 1991 after 33 years with the Forest Service. Mr. Note was the contracting officer for the Gifford Pinchot National Forest when Mt. Adams' Lynx contract expired uncompleted on June 30, 1989; he issued the June 22, 1990 decision assessing damages against Mt. Adams pursuant to Standard Provision B9.4 of the contract. Mr. Note may testify on the following topics: 1) Forest Service policy, practice and procedure during the

---

[1] In the first trial in these consolidated cases (Capital Development Co. v. United States, No. 750-87C), Mr. Hofer testified at length as to Forest Service policy and practice concerning timber sales, the handling of defaulted sales, and the Forest Service residual value appraisal method. In the second trial (Seaboard Lumber Co. v. United States, No. 370-88C), the parties agreed to include as a joint exhibit, and to incorporate into the trial record, designated parts of Mr. Hofer's testimony in Capital Development, as well as designated parts of the prior testimony of other witnesses. The parties later agreed that all testimony in the Capital Development trial could be used in the Seaboard Lumber case to the extent it was relevant. See Seaboard Lumber Co. v. United States, 48 Fed. Cl. 814, 816 ("The parties have also agreed that all testimony in a related case, *Capital Development Corp. v. United States,* . . . can be used in deciding this case."). For purposes of judicial economy, we asked Mt. Adams' counsel to agree to include part of Mr. Hofer's and Ms. Anderson's prior testimony in Capital Development as a joint exhibit in this case and to incorporate it into the trial record. To date, Mt. Adams and its counsel have refused to do so. Accordingly, we have included on our exhibit list in this case designated parts of Mr. Hofer's and Ms. Anderson's testimony in Capital Development.

relevant period pertaining to the handling of defaulted timber sales, including defaulted sales that were not resold; 2) the method and procedures followed by the Forest Service in determining the damages, if any, due the United States under Standard Provision B9.4 on a defaulted timber sale where there was no resale; 3) the standard Forest Service appraisal method in use during the relevant period including, in particular, the practice of adding estimated bid premiums to the appraised rates established by the Forest Service residual value appraisal method when a defaulted sale was not resold; and 4) his determination of the damages due the United States, as set forth in his June 22, 1990 contracting officer's decision, as a result of Mt. Adams' default on the Lynx contract. Mr. Note may also testify as a rebuttal witness, as necessary. Mr. Note's direct examination is expected to take approximately 3 hours.

3. Christine Conrad Anderson, Olympic National Forest, 1835 Black Lake Boulevard, SW, Olympia, Washington 98512. Ms. Anderson is currently employed by the Forest Service. She is currently a Forester assigned to the Forest Service's Pacific Northwest Regional Headquarters in Portland, Oregon. She is also currently and has been a contracting officer on the Olympic National Forest since 1985, and a contracting officer on the Mt. Baker-Snoqualmie National Forest since 1993. Ms. Anderson may testify on the following topics: 1) Forest Service policy, practice, and procedure during the relevant period pertaining to the handling of defaulted timber sales, including defaulted sales that were not resold; 2) the method and procedures followed by the Forest Service in determining the damages, if any, due the United States under Standard Provision B9.4 on a defaulted timber sale where there was no resale; 3) the standard Forest Service appraisal method in use during the relevant period including, in particular, the practice of adding estimated bid premiums to the appraised rates established by the Forest

Service residual value appraisal method when a defaulted sale was not resold; 4) whether the Forest Service's appraisal of the value of the timber remaining in Mt. Adams' Lynx contract at the time of termination, including the contracting officer's determination of the estimated bid premiums, complies with the standard Forest Service appraisal method in use at the time of contract termination; and 5) her analysis of bid premiums and calculation of weighted average bid premiums for Douglas Fir and Hemlock for: (a) sales on the Randle Ranger District of the Gifford Pinchot National Forest between July 1, 1988, and June 30, 1989; (b) sales on the Randle Ranger District between July 1, 1988 and June 30, 1990; (c) sales on all Ranger Districts of the Gifford Pinchot National Forest between July 1, 1988, and June 30, 1989; and (d) sales on all Ranger Districts of the Gifford Pinchot National Forest between July 1, 1988, and June 30, 1990. Ms. Anderson may also testify as a rebuttal witness, as necessary. Ms. Anderson's direct examination is expected to take approximately 3 hours.

Defendant reserves the right to call as a witness any witness or witnesses identified on plaintiff's witness list in the event that plaintiff does not call them to testify at trial or does not ask them to testify about topics which plaintiff has identified in its witness list. In addition, defendant reserves the right to amend this witness list at any time prior to trial to include any witness whose existence or relevance later becomes apparent.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

J. CHRISTOPHER KOHN
Director

s/John W. Showalter
JOHN W. SHOWALTER
Assistant Director

s/Richard P. Nockett
RICHARD P. NOCKETT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., N.W. (8th Floor)
Washington, D.C. 20530
Tele: (202) 307-1134
Fax: (202) 307-0494

Attorneys for Defendant

Dated: February 11, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _11th_ day of February 2005, I caused copies of the foregoing "DEFENDANT'S WITNESS LIST IN MT. ADAMS VENEER CO. v. UNITED STATES, No. 91-984C" to be served upon the following individual by facsimile and by United States mail (first-class, postage prepaid):

DENNIS J. DUNPHY, Esq.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, Washington 98101-2393

s/Richard P. Nockett